Brandon A. v. NH Dept. of Ed.        CV-00-025-B    04/05/02
              UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE


Brandon A., by and through
his parent and next best friend,
David A., on behalf of himself and
all others similarly situated

    v.                                    Civil No. 00-025-B
                                          Opinion No. 2002 DNH 081
Nicholas Donahue, in his Official
Capacity as Commissioner of the New
Hampshire Department of Education


                    MEMORANDUM AND ORDER


        Subsequent to the issuance of my August 8, 2001 memorandum

and order denying the Commissioner's motion to dismiss, I learned

that the State has implemented new regulations precluding

appointment of the same person as both mediator and hearing

officer in due process hearings, see N.H. Code Admin. R. Ed.

1128.02(c); requiring the issuance of a written decision not

later than 45 days after receipt by the Commissioner of written

notice requesting an administrative due process hearing, see N.H.

Code Admin. R. Ed. 1128.04(a); and mandating that due process

hearing officers attend training sessions including case management programs approved by this court and the Northeast Regional Resource Center, N.H. Code Admin. R. Ed. 1128.12(g). Because this suit against the Commissioner primarily seeks an injunction under 42 U.S.C. § 1983 requiring the Commissioner to adopt and implement a plan for the conduct of due process hearings that complies with an alleged requirement under federal law that written decisions on such hearings be issued within 45 days of the Commissioner's receipt of written notice requesting such a hearing, and because the State has adopted a plan which, at least ostensibly, provides the relief which this lawsuit seeks (and the only relief I reasonably could order) in both form and substance,[1] I have considerable doubt as to whether a live case or controversy remains between the parties.[2]

---

[1] I recognize that plaintiff also seeks an injunction "limit[ing] discovery in due process hearings to the specific disclosures provided for under federal law . . . ." Second Amended Complaint, at 15. But I see no non-frivolous basis for a claim under 42 U.S.C. § 1983 that some federal law other than the alleged 45-day requirement limits the State's ability to permit discovery in connection with due process hearings.

[2] For reasons not apparent from the record, the State (which continues to assert that this matter is moot, see December 21, 2001 Report of Parties' Planning Meeting, at 2), has not brought these regulatory changes to my attention and renewed by

I nonetheless am mindful that the "[v]oluntary cessation of challenged conduct moots a case . . . only if it is <u>absolutely</u> clear that the allegedly wrongful behavior could not reasonably be expected to recur," <u>Adarand Constructors, Inc. v. Slater, Sec. of Transp.</u>, 528 U.S. 216, 222 (2000) (emphasis in original) (citation and internal quotation marks omitted);[3] and that "the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again <u>lies with the party asserting mootness</u>," <u>id.</u> (emphasis in original) (citation and internal quotation marks omitted). I therefore direct the

_____

motion its mootness challenge to the court's subject matter jurisdiction over this case. <u>See Arizonans for Official English v. Arizona</u>, 520 U.S. 43, 66-67 (1997) (making clear that federal courts lack Article III jurisdiction over cases that become moot after the complaint is filed). Nonetheless, if I become concerned that I lack subject matter jurisdiction over a case, I am obliged to raise the issue <u>sua</u> <u>sponte</u>. <u>See Insurance Corp. of Ireland v. Compagnie des Bausites de Guinee</u>, 456 U.S. 694, 702 (1982).

[3] It is important to bear in mind that this suit is against the Commissioner for allegedly failing to provide a process that complies with federal law; it is not a suit against individual hearing examiners for failing to comply with federal law. Consequently, the "challenged conduct" is the failure to provide a process compliant with federal law, and the possibility that individual hearing officers may in the future not comply with the new regulations and/or federal law would not seem sufficient to give the court jurisdiction to adjudicate this matter.

Commissioner to file either a motion to dismiss arguing that the new regulations moot the case or a statement explaining why the Commissioner now believes that I have subject matter jurisdiction to adjudicate this matter. The Commissioner's filing is due on or before Friday, April 19, 2002. Plaintiff should file his response to the Commissioner's motion within ten days, as provided for in Local Rule 7.1(b). If the Commissioner wishes to reply to plaintiff's response, he should do so as provided for in Local Rule 7.1(e). Meanwhile, I deny plaintiff's motion for class certification [document no. 64] without prejudice to its renewal should future circumstances so warrant.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

April 5, 2002

cc:  Ronald K. Lospennato, Esq.
     Nancy J. Smith, Esq.
     Gerald M. Zelin, Esq.
     John F. Teague, Esq.